IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNELL HOWARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security[1] | : | NO.  21-1181 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                November 9, 2021

Arnell Howard ("Plaintiff") seeks review of the Commissioner's decision denying her application for supplemental security income ("SSI").  For the following reasons, I will grant the Defendant's uncontested motion for remand.

**I.      PROCEDURAL HISTORY**

Plaintiff was born on December 15, 1969, and protectively filed for SSI on October 14, 2015, alleging disability as of October 1, 2014, due to pre-menstrual excessive bleeding, ovary fibroids, rheumatoid arthritis, depression, anxiety, and unspecified problems with her heart, back and hands.  Tr. at 132, 160-61, 195.[2]  After her claims were denied initially, id. at 86-90, Plaintiff requested a hearing before an administrative law judge ("ALJ"), id. at 91, which occurred by video on January 25,

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kijakazi should be substituted for Andrew Saul as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]Plaintiff previously filed claims for benefits in February 2013 and November 2013, which were denied in June 2013 and June 2014, respectively.  Tr. at 72.

2018.  Id. at 35-70.  On July 2, 2018, the ALJ denied Plaintiff's claims.  Id. at 17-30.  On March 9, 2020, the Appeals Council dismissed Plaintiff's request for review, id. at 1-3, making the ALJ's July 26, 2018 decision the final decision of the Commissioner.  20 C.F.R. § 416.1472.³

Plaintiff initiated this action by filing her complaint on March 10, 2021.  Doc. 1.  In response to Plaintiff's brief in support of her request for review, see Doc. 14, Defendant filed an uncontested motion to remand that does not specify the basis for review other than to say that "the Appeals Council will remand the case to a different ALJ for a new hearing and decision."  Doc. 15 at 1.⁴

## II.    DISCUSSION

In her brief, Plaintiff challenges the ALJ's consideration of the medical treatment opinion evidence in the record and argues that the ALJ improperly failed to fulfill her heightened duty to Plaintiff, a pro se claimant, causing Plaintiff to make an unknowing and involuntary waiver of counsel.  Doc. 14 at 7-15.⁵  Because remand is uncontested, I

---

³Plaintiff filed her request for Appeals Council review on March 19, 2019, more than sixty days after required by 20 C.F.R. 416.1468(a), and the Appeals Council dismissed Plaintiff's request for review after determining that there was no good cause for the late filing.  Tr. at 4-5.

⁴The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

⁵Plaintiff also challenges the propriety of the appointment of the Commissioner.  Doc. 14 at 5-6 (citing Lucia v. SEC, 138 S. Ct. 2044 (2018)).  Because I will grant the Commissioner's uncontested remand motion, I do not find it necessary to address this claim at this time.

will comment only briefly on Plaintiff's arguments. These comments do not limit the breadth of the review on remand.

The ALJ found that Plaintiff suffers from the severe impairments of status post congestive heart failure, coronary artery disease, cardiomyopathy, hypertension, rheumatoid arthritis, osteoarthritis, obesity, depression, and anxiety. Tr. at 19. Review of the record reveals that Plaintiff suffers from primary cardiomyopathies, heart failure of unknown etiology, benign essential hypertension, mitral valve disorders, arthritis of the back, hands, and ankles, major depressive disorder, and anxiety, and that she has a history of ovarian fibroids with excessive menstrual bleeding. Id. at 278, 315, 358, 365.

As to the opinion evidence related to Plaintiff's physical impairments, consultative examiner Joel Marmar, M.D., opined that Plaintiff could never lift or carry any weight, never reach, handle, finger, feel, or push/pull with her right hand, and only occasionally reach, handle, finger, feel, or push/pull with her left hand. Tr. at 366-68. Dr. Marmar further found that Plaintiff could sit for twenty-five minutes, stand for ten minutes, and walk for ten minutes at a time and that Plaintiff can sit for five hours, stand for two hours, and walk for one hour in an eight-hour workday. Id. at 367. The doctor opined that Plaintiff could not travel without a companion for assistance, could not perform activities like shopping, use standard public transportation, or prepare simple meals. Id. at 371. In a physical residual functional capacity ("RFC") assessment, state agency physician Leo P. Potera, M.D., opined that Plaintiff could lift or carry twenty pounds occasionally and ten pounds frequently, could stand/walk and sit for six hours each in an eight-hour workday, and had no limitations regarding pushing and pulling. Id. at 78-79. Dr. Potera

did not consider whether Plaintiff has limitations in reaching, handling, fingering, or feeling. Id. at 74-85. Subramaniam Krishnamurthi, M.D., reviewed Plaintiff's records on behalf of the Administration and opined that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently. Id. at 567. Dr. Krishnamurthi also found that Plaintiff could sit for three hours, stand for one hour, and walk for one hour at a time, and sit for eight hours, stand for three hours, and walk for three hours in an eight-hour workday. Id. at 568. Dr. Krishnamurthi placed no limitations on reaching, handling, fingering, feeling, pushing, or pulling. Id. at 569.

In her RFC determination, the ALJ found that Dr. Marmar's limitations on lifting and carrying were inconsistent with Plaintiff's described activities of daily living. Tr. at 24. Additionally, the ALJ found that Dr. Marmar's limitations regarding sitting, standing, and walking were based on Plaintiff's described activities of daily living and were "not consistent with findings on contemporaneous examinations." Id. at 24-25. Accordingly, the ALJ gave "some weight" to the opinion of Dr. Marmar. Id. at 25. The ALJ also gave "some weight" to the opinion of Dr. Potera. Id. at 27. Importantly, the ALJ gave "substantial weight" to the opinion of Dr. Krishnamurthi, the consultative examiner, citing the doctor's dual board certifications and the ALJ's conclusion that Dr. Krishnamurthi's assessment is "consistent with the treating medical records, the objective medical evidence, and the overall longitudinal record in its entirety." Id. However, the ALJ's narrative summary of the medical evidence regarding Plaintiff's physical impairments, id. at 19-20, 23-24, does not provide adequate support for the ALJ's decision to give more weight to the opinions of a non-examining source than to an

4

examining source.  Id. at 14-30.  For example, the ALJ does not explain why the hypothetical she posed to the vocational expert omitted Dr. Marmar's limitations in Plaintiff's reaching, handling, fingering, and feeling -- limitations that are consistent with her diagnosis of rheumatoid arthritis, which the ALJ found to be a severe impairment.  Id. at 22-28.

Plaintiff also argues that the ALJ failed to fulfill her heightened duty to Plaintiff, a pro se claimant, and in effect discouraged her from attempting to obtain representation.  Doc. 14 at 7-13.  At the hearing, the ALJ informed Plaintiff that she had a right to representation and explained the benefits of representation, but failed to explain the availability of contingent fee representation and proceeded with a waiver of representation despite Plaintiff's apparent confusion over whether someone would be representing her at the hearing.  Id. at 38-42.  Additionally, although the ALJ promised to obtain the relevant medical and non-medical records after the hearing and was informed about multiple sources of medical treatment, id. at 41, 54-63, the ALJ did not obtain records regarding pain management and certain mental health records discussed at the hearing.  The ALJ also failed to afford Plaintiff the opportunity to comment on or challenge the interrogatory responses submitted post-hearing by Dr. Krishnamurthi.  Id. at 566-77.

I conclude that further consideration of the medical source opinions is warranted, particularly given the heightened duty owed to Plaintiff based on her pro se status, and that this reconsideration may impact other aspects of the ALJ's decision.  Therefore, I will grant the motion for remand.

## III.    CONCLUSION

For the foregoing reasons, I will grant the Defendant's unopposed motion for remand.

An appropriate Order and Judgment Order follow.